IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **RICKY HAROLD HAYES,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:06-CV-343-Y |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.  NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.  PARTIES**

Petitioner Ricky Harold Hayes, TDCJ # 584146, is a state prisoner who was incarcerated in a prerelease facility of the Texas Department of Criminal Justice, Correctional Institutions Division, in Mineral Wells, Texas, at the time of the filing of this petition. Hayes is no longer confined.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

**C.    PROCEDURAL HISTORY**

Hayes is serving a five-year sentence for a 2003 felony theft conviction in the 161st District Court of Ector County, Texas. (Petition at 2.) Hayes filed this petition on May 17, 2006, in which he challenges TDCJ's denial of his release to mandatory supervision on various constitutional grounds. (Petition at 7-8.) On February 23, 2007, Hayes was released to mandatory supervision and/or parole.[1] As of this date, he has not notified this court of his change of address.

**D.    DISCUSSION**

Hayes's claim that he is entitled to release on mandatory supervision is now moot in that he has in fact been released on mandatory supervision and/or parole. Because this court can no longer provide him with the relief he seeks, dismissal of this petition is appropriate as moot. *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987); *McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978).

## II. RECOMMENDATION

It is recommended Hayes's petition for writ of habeas corpus be dismissed as moot.

## \III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

---

[1] Hayes is no longer found on Texas's online Offender Information website, *available at* http://www.tdcj.state.tx.us/offender_information, and his release date was confirmed via telephonic communication with the Mineral Wells facility on this date.

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 10, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 10, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 19, 2007.

    /s/   Charles Bleil  
CHARLES BLEIL  
UNITED STATES MAGISTRATE JUDGE